UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LANDER,

    Applicant,

v.       CASE NO. 8:21-cv-401-SDM-SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

In an amended application (Doc. 10) Lander applies under 28 U.S.C. § 2254 for the writ of habeas corpus and challenges his convictions for (1) two counts of sexual battery involving a victim between the ages of twelve and eighteen by a person with familial or custodial authority and (2) two counts of lewd or lascivious battery, for which convictions Lander is imprisoned for life. The respondent argues (Doc. 15) that the application is time-barred. Lander both opposes (Docs. 16 and 18) the respondent's determination of untimeliness and asserts entitlement to equitable tolling of the limitation.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Lander's conviction became final on June 28, 2016.[1] However, eleven days earlier Lander had moved under state Rule 3.850 for post-conviction relief, which precluded the start of the limitation, and the limitation did not start until the day after the mandate issued on January 19, 2018. (Respondent's Exhibits 8 and 17) Consequently, absent tolling for a timely state post-conviction proceeding, Lander's one-year deadline was January 19, 2019. Lander asserts entitlement to tolling for two more motions under Rule 3.850 filed in the circuit court and a petition for the writ of habeas corpus filed in the district court.

**Untimeliness:**

Lander let 74 days elapse before he filed a petition in the state district court of appeal alleging that appellate counsel rendered ineffective assistance, which petition tolled the limitation. (Doc. 19) Tolling continued until July 15, 2019, after rehearing was denied and the case was closed. (Respondent's Exhibit 22) Lander had 291 days of his limitation remaining (365 − 74 = 291). Consequently, Lander's federal one-year deadline was March 30, 2020 (July 15, 2019 + 291 days = March 30, 2020). Lander's

---

[1] Lander's direct appeal concluded on March 30, 2016, upon the denial of his request for a written opinion. (Respondent's Exhibit 7) The convictions became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

present counsel untimely filed the pending application nearly a year later, on February 20, 2021.

Although on December 28, 2019 — three months before the March 30th federal deadline — Lander filed a second motion under Rule 3.850 for post-conviction relief (Respondent's Exhibit 26), the motion afforded Lander no tolling because the circuit court denied the motion as untimely under Florida's two-year limitation for moving under Rule 3.850. (Respondent's Exhibit 27)[2] Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." As *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." As a consequence, only an application timely filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."); *Gorby v. McNeil*, 530

---

[2] The circuit court's decision was affirmed. (Respondent's Exhibit 30)

F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*); and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."). Because Lander's second state Rule 3.850 motion for post-conviction relief failed to toll the limitation, Lander's one-year deadline to file his federal petition remained on March 30, 2020.

Although on March 25, 2020 — five days before the federal deadline — Lander filed a third motion under Rule 3.850 for post-conviction relief (Respondent's Exhibit 32), the motion afforded Lander no tolling because the circuit court denied the motion as untimely under Florida's two-year limitation for moving under Rule 3.850. (Respondent's Exhibit 33)[3] Because Lander's third state Rule 3.850 motion for post-conviction relief failed to toll the limitation, March 30, 2020, remained as Lander's one-year deadline to file his federal petition. Lander's application under Section 2254, filed on February 20, 2021, is untimely.

Lander's argument that the state courts were wrong to apply Florida's two-year limitation is beyond a federal court's review. Generally, a federal court is bound by a state court's interpretation of state law. "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). *See also Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) ("It is a fundamental principle that state courts are the final arbiters of state law, and federal courts should not second-guess them on such matters.") (internal quotation marks

---

[3] The circuit court's decision was affirmed. (Respondent's Exhibit 36)

- 4 -

omitted); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law" and federal courts must abide by their rulings on matters of state law). This district court is bound by the state courts' interpretations of state law, by the Eleventh Circuit Court of Appeals' direction in *Gorby* to defer to a state court's application of state law, and by the Supreme Court's admonition in *Pace* that a state court's determination of timeliness under state law controls in federal court.

**Equitable Tolling:**

Lander asserts entitlement to equitable tolling of the limitation. "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). Lander must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. For the first requirement, under *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), "[t]he diligence required for equitable tolling purposes is 'reasonable

diligence,' not 'maximum feasible diligence,' " and under *Pace*, 544 U.S. at 419, an applicant's "lack of diligence precludes equity's operation." To satisfy the second requirement, Lander must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

The district court both agrees with Lander's assertion that he used "extraordinary efforts" to present his claims to the state courts and determines that Lander clearly meets the "due diligence" requirement for equitable tolling: (1) Lander, through original trial counsel, filed his first Rule 3.850 motion before his federal limitation started; (2) filed his *pro se* petition alleging the ineffective assistance of appellate counsel seventy-four days after the first Rule 3.850 was final; (3) through retained counsel filed his second and third Rule 3.850 motions before the federal one-year deadline; and (4) through the same retained counsel filed his Section 2254 application before the mandate issued on the third Rule 3.850 proceeding. As determined above, the federal application is untimely because the second and third Rule 3.850 motions failed to toll the federal limitation.

Lander extensively argues his due diligence, but his asserted "extraordinary diligence" alone is insufficient to qualify for equitable tolling. As explained above, Lander must also meet the extraordinary circumstance requirement, which he fails to meet because he fails to show that an "extraordinary circumstance" was both beyond his control and unavoidable even with diligence.

Lander must show that the "extraordinary circumstance" was the cause of his untimely filing. An applicant "must also show a nexus between the extraordinary circumstance and the late filing of his federal habeas petitions, *see San Martin v. McNeil*, 633 F.3d 1257, 1270–71 (11th Cir. 2011), and it is often the case that causation is more difficult for a petitioner to prove if an extraordinary circumstance occurs early in the statute of limitations period." *Bell v. Florida Atty. Gen.*, 461 F. App'x 843, 849 (11th Cir. 2012). *See also Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010) (stating that the applicant must "establish a causal link between his claims of mental incompetence and the untimely filing of his federal habeas corpus petition."). *See cases collected in Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline.").

Although not directly stated as a basis for an extraordinary circumstance, Lander asserts that he is not accountable for the first Rule 3.850 proceeding because the motion was filed by trial counsel and alleged only claims based on newly discovered evidence. Lander argues that, because the motion was filed by trial counsel, Lander was precluded from alleging the claims of ineffective assistance of trial counsel that Lander raised through retained counsel in the second and third Rule 3.850 proceedings. Nothing in that first proceeding can qualify as an "extraordinary circumstance" to support equitable tolling of the limitation because, as outlined above, the one-year limitation did not start until after that first Rule 3.850 proceeding ended, that is, a limitation is not subject to tolling if the limitation is not running.

The federal application is untimely because retained counsel — who filed the second and third Rule 3.850 motions before the federal deadline — chose to appeal the state court's untimeliness ruling and not file the federal application. In his reply, Lander asserts that he faced two options, (1) "bypass" presenting his ineffective assistance of counsel claims to the state courts — which claims he presented in the second and third Rule 3.850 motions — only to have the claims dismissed from the federal action as unexhausted or (2) "act judiciously and reasonably" by appealing the dismissal of the second and third Rule 3.850 motions as untimely. But Lander had a third option: appeal the state court's ruling and simultaneously file the federal application to preserve Lander's rights to federal review. Lander posits that appealing and immediately filing his federal application "would have inevitably drawn charges of sham appeal and purposeful delay." (Doc. 16 at 17) But this third option occurs with some frequency, resulting in a stay of the federal action until exhaustion is complete, allowing the state courts an opportunity to address the claims, and preserving the opportunity for federal review in a timely filed application.[4]

Because he shows no "extraordinary circumstance" that precluded his timely filing the federal application, Lander is not entitled to equitable tolling of the federal limitation. Consequently, the district court must dismiss the application as time-barred.

Lander's amended application (Doc. 10) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Lander and **CLOSE** this case.

---

[4] Lander recognizes that a federal court "has discretion to adopt a procedure of 'stay and abeyance' . . . while the petitioner returns to the state court to exhaust his previously unexhausted claims . . . ." (Doc. 16 at 17)

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lander is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Lander must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Lander is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Lander must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 30, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE